Raymond E. DOMBROWSKI, Jr.

v.

**BELL ATLANTIC CORPORATION, et al.**

No. CIV. A. 00–4371.

United States District Court, E.D. Pennsylvania.

Dec. 7, 2000.

James A. Matthews, III, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, for plaintiff.

Maureen T. Taylor, Richard F. Shaw, Jones, Day Reavis & Pogue, Pittsburgh, PA, for defendant.

## MEMORANDUM

BARTLE, District Judge.

Plaintiff, a former in-house attorney with Bell Atlantic Corporation ("Bell Atlantic"), has sued his former employer and several compensation and stock plans which it has established. In his lengthy complaint, plaintiff claims: (1) failure to pay ERISA benefits; (2) harassment and constructive discharge to avoid payment of benefits in violation of ERISA; (3) breach of contract; and (4) wrongful discharge in violation of public policy. He seeks injunctive relief and payment on his federal claims as well as compensatory and punitive damages under state law.

Plaintiff accompanied the filing of the complaint with a motion for leave to file it under seal on the ground that it contained information protected by the attorney-client privilege.[1] Plaintiff asserts that four of its paragraphs should be withheld from public access. The defendants argue that the entire complaint should remain shielded.

■ As a general rule judicial records such as pleadings and other ·papers filed with the court in civil actions are public documents available for inspection and review by any interested person. The court may seal such documents only under narrow circumstances where "[g]ood cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir.1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir.1984)). Any injury must be shown with specificity. *See id.* The Court of Appeals has recognized that we must balance a party's interest in privacy against the public's right to know. Privacy prevails where it would "prevent the infliction of unnecessary or serious pain on parties who the court reasonably finds are entitled to such protection." *Id.* at 787. Embarrassment to a person may be sufficient but only if "particularly serious." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986); *see also Pansy*, 23 F.3d at 787. The court has also recognized that trade secrets may deserve protection from disclosure if irreparable harm would result. *See Publicker*, 733 F.2d at 1071. Information important to public health and safety will weigh against confidentiality. *See Pansy*, 23 F.3d at 787. Finally, a court must consider whether the parties are public officials or entities or whether they are private litigants with the former, of course, less deserving of confidentiality. *See id.* at 788. In sum, the Third Circuit clearly favors openness absent good cause

---

1. The Clerk's Office has maintained the entire complaint under seal pending a ruling from this court.

**218**

to the contrary. *See Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 484–85 (3d Cir. 1995); *Miller v. Indiana Hosp.,* 16 F.3d 549, 551 (3d Cir.1994).

■ In this case, the parties assert that the complaint includes privileged information which should remain under seal. The court is not bound by the parties' evaluation, but must review the information in question and balance the competing rights of public access against the parties' privacy interests.

■ As formulated a number of years ago by Judge Wyzanski in his oft quoted opinion in *United States v. United Shoe Mach. Corp.,* 89 F.Supp. 357, 358–59 (D.Mass.1950), the attorney-client privilege applies:

> only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

Like the information a client relays to an attorney in order to obtain advice, the advice given by that attorney in return is also privileged. *See Upjohn Co. v. United States,* 449 U.S. 383, 390, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).

■ It is important to emphasize that the attorney-client privilege does not protect a party from disclosing underlying facts. Rather, it simply protects communications between a party and the party's

attorney. *See id.* at 395, 101 S.Ct. 677. The burden of proof is always on the party asserting the privilege. *See Glenmede,* 56 F.3d at 483; *Miller,* 16 F.3d at 551.

The attorney-client privilege, which is at issue here, "is intended to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Swidler & Berlin v. United States,* 524 U.S. 399, 403, 118 S.Ct. 2081, 141 L.Ed.2d 379 (1998).[2] Sound legal advice and advocacy depend upon the client's fully informing his or her counsel of all the relevant facts and circumstances. This goal can only be achieved by upholding the privilege. *See Upjohn,* 449 U.S. at 389, 101 S.Ct. 677.

We now turn to the complaint itself to decide whether it contains any communications subjected to the attorney-client privilege. Preliminarily, we note that the complaint contains 23 pages, with 93 paragraphs. It reads as if the drafter thought fact pleading governed rather than the notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure which simply requires "a short and plain statement" of jurisdiction and of the claims and a demand for judgment.

Without disclosing the relevant allegations in the complaint in great detail, plaintiff has asserted that he was involved in a due diligence investigation of a company with which Bell Atlantic was intending to merge. During the investigation, he found what he believed to be suspect, if not improper, practices at the other company and suspect, if not improper, activities by two employees of that company. The merger was ultimately consummated, and those two employees came to work for Bell Atlantic. Plaintiff continued to interact with them, but a severe estrangement, to say the least, existed since the time the due diligence exercise had taken place. *See Wm. T. Thompson Co. v. Gen. Nutrition Corp.,* 671 F.2d 100, 104 (3d Cir.1982).

---

**2.** Since this action contains both federal and state law claims, we will apply the federal law with respect to the attorney-client privilege.

■ Defendants argue that plaintiff's discoveries during due diligence and all his communications with those employees then and thereafter are privileged. We disagree. What plaintiff found during due diligence cannot fall within the ambit of the attorney-client privilege. The privilege protects only communications between a lawyer and client. It does not insulate underlying facts from the light of day. *See Upjohn,* 449 U.S. at 395, 101 S.Ct. 677. Moreover, the bulk of the communications revealed in the complaint between plaintiff and these two employees are clearly not communications protected by the privilege. The communications between plaintiff and the two employees during the due diligence exercise when the two employees were associated with the other company were not between lawyer and client. As to discussions between plaintiff and the two employees after they joined Bell Atlantic, the privilege is inapplicable to the extent the discussions were not to obtain or facilitate legal advice or services. According to the complaint, the two employees consistently told the plaintiff to stay out of their way and *not* to give them advice or provide them with legal services.

Having reviewed the 93 paragraph complaint, we find that most of the allegations contain no attorney-client communications. We will retain under seal only the last ten words of paragraph 23, the first two sentences and the penultimate sentence of paragraph 28, and paragraph 29. We believe that these limited segments set forth attorney-client communications and that the defendants have met the good cause test under *Pansy.* The extremely important public and private purposes served by preserving the confidentiality of such communications would be undermined if one party could unilaterally trumpet such in-

formation in a pleading available for public inspection. At this stage of the proceedings, failure to maintain such information under seal will cause "a clearly defined and serious injury" not only to the parties seeking closure but also to the public interest which the attorney-client privilege is designed to serve. *See Pansy,* 23 F.3d at 786 (quoting *Publicker,* 733 F.2d at 1071).

We recognize that under the Pennsylvania Rules of Professional Conduct, which have been adopted by this court, exceptions to the attorney-client privilege exist, allowing a lawyer under certain circumstances to reveal information obtained from a client when there is litigation between the two.[3] *See* Pa. R. of Prof. Conduct 1.6; E.D. Pa. R. Civ. P. 83.6 IV.B. Suffice it to say that as this case unfolds we will continue to be mindful of our obligations under *Pansy* and these rules.

While the defendants and some of their employees may well be embarrassed by the unsealing of the non-privileged paragraphs of the complaint, we do not believe that it is sufficient here to meet the good cause requirement in *Pansy.* Indeed, pleadings are filed every day with allegations that may embarrass the opposing party. If mere embarrassment were enough, countless pleadings as well as other judicial records would be kept from public view. We will not travel down this road.

Accordingly, we will unseal the complaint except for the last ten words of paragraph 23, the first two sentences and the penultimate sentence of paragraph 28, and paragraph 29.[4] The plaintiff shall file a redacted complaint, noting that the last ten words of paragraph 23, the first two sentences and the penultimate sentence of paragraph 28, and paragraph 29 are filed

---

**3.** There is no question that in this circuit an in-house counsel may sue his former employer for discrimination. *See Kachmar v. SunGard Data Sys., Inc.,* 109 F.3d 173 (3d Cir. 1997).

**4.** We note that neither party claims anything in the complaint is protected by the attorney work-product doctrine. *See Upjohn,* 449 U.S. at 395, 101 S.Ct. 677; *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

**220**

under seal pursuant to court Order. We will stay this Order for eleven days.

### ORDER

AND NOW, this 7th day of December, 2000, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of plaintiff for leave to file complaint under seal is GRANTED in part and DENIED in part;

(2) plaintiff shall promptly file a redacted complaint, with the notation that the last ten words of paragraph 23, the first two sentences and the penultimate sentence of paragraph 28, and paragraph 29 are filed under seal pursuant to court Order; and

(3) this Order is STAYED for eleven days.