**AETNA CASUALTY & SURETY CO., Plaintiff,**

v.

**The GEORGE HYMAN CONSTRUCTION CO., Defendant.**

**Civ. A. No. 93–4750.**

United States District Court, E.D. Pennsylvania.

May 23, 1994.

James K. Thomas, II, Thomas, Thomas & Hafer, Harrisburg, PA and Paul L. Waldron, Thompson & Waldron, Alexandria, VA, for Aetna Cas. & Sur. Co.

James D. Hollyday, James J. McHugh, and Kenneth M. Cushman, Pepper, Hamilton & Scheetz, Philadelphia, PA, for the George Hyman Const. Co.

George E. Rahn, Jr., Ronald P. Schiller, Piper & Marbury, Philadelphia, PA, William D. Blakely, Bruce T. Carton, Daniela Winkler, and Richard G. Slattery, Piper and Marbury, Washington, DC, for 30th Street Ltd., L.P.

## ORDER–MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

AND NOW, this 23d day of May, 1994, upon consideration of the Motion for Order Approving Stipulation and Order of Confidentiality (Docket Entry No. 16), which the parties have asked the Court to approve and enter as an Order of the Court, it is hereby **ORDERED** that the Motion is **DENIED WITHOUT PREJUDICE** and the Stipulation shall not be approved based upon the following reasoning:

1. This is a commercial dispute involving private parties. The parties seek approval of a stipulation of confidentiality which would allow each party to the litigation to designate as "confidential" such "documents or information [which] contain or disclose (by themselves or in combination with other documents) trade secrets; unpublished financial data, pricing or cost information; bidding or estimating information; or other information of a commercially sensitive nature that would, if disclosed, be potentially harmful to the business operations of the producing party." *See* Stipulation ¶ 1.

2. As presently drawn, the documents designated under the Stipulation as "confidential" by a party in its sole discretion would be subject to restrictions as to their use in the litigation, *see* Stip. ¶¶ 2–4, the persons to whom they may be disclosed, *see*

*id.* ¶¶ 5–6, and their dispositions upon the conclusions of this action, *see id.* ¶ 8.

3. A party, or even a non-party to the litigation, who knowingly breaches the Stipulation could be subject to court imposed sanctions. *See* Stip. ¶ 6.

■ 4. A party may limit or condition the public's[1] access to the information produced during the course of discovery, by obtaining a protective order from the court. Fed. R.Civ.P. 26(c). This does not mean that a party or even both sides to the litigation may through protective orders entered by the court burden with impunity public access to all materials produced in the course of litigation. "Protective orders over discovery materials ... raise ... public policy concerns. All such orders are intended to offer litigants a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings." *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir.1994).

■ 5. "In the context of discovery, it is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that 'good cause exists for the order of protection.'" *Id.* at 786 (citing Fed.R.Civ.P. 26(c)); *Smith v. BIC Corp.,* 869 F.2d 194, 199 (3d Cir.1989). Because it has recognized that, notwithstanding the provisions of Rule 26(c), "some courts routinely sign orders which contain confidentiality clauses without considering the propriety of such orders, or the countervailing public interests which are sacrificed by the orders," *Pansy,* at 785 (footnote omitted), the Third Circuit recently exercised its inherent supervisory power,[2] now requiring that before "an order of confidentiality is granted [by the District Court] at the discovery stage ... good cause must be demonstrated to justify such orders." *Id.* at 786.[3]

6. "In considering whether good cause exists for a protective order, the federal courts have generally adopted a balancing process." *Id.* at 787 (citing Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts,* 105 Harv.L.Rev. 427, 432–33 (1991)).[4]

■ 7. Balancing the relevant factors in this case, the Court concludes that the proposed Stipulation does not, in its present form, meet the requisite good cause standard of Rule 26(c). One, the parties have failed to show with specificity that disclosure would

---

1. The Third Circuit has recognized the public's common law right to access judicial proceedings and judicial records. *See Littlejohn v. BIC Corp.,* 851 F.2d 673, 677–78 (3d Cir.1988) (citing *Publicker Indus., Inc. v. Cohen,* 733 F.2d 1059, 1066 (3d Cir.1984)) (other citations omitted). The "raw fruits" of discovery in the possession of private litigants that have not been filed with the court, however, are not impressed with this common law presumptive right of access. *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.,* 998 F.2d 157, 163 & n. 9 (3d Cir.1993); *See Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 782 (3d Cir.1994) (citations omitted).

2. In this court, Chief Judge Emeritus Bechtle for some time had advocated this position. *E.g., Horgan v. Independence Blue Cross,* Civ.A. No. 93–2528, 1994 WL 24662 (E.D.Pa. Jan. 24, 1994); *Weisbein v. Metrobank of Philadelphia, N.A.,* Civ.A. No. 92–3042, 1992 WL 392589 (E.D.Pa. Dec. 21, 1992); *In re Laidlaw Sec. Litig.,* Civ.A. No. 91–1829, 1991 WL 152267 (E.D.Pa. Aug. 2, 1991).

3. " 'Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity.' " *Pansy,* at 786

(quoting *Publicker Indus., Inc. v. Cohen,* 733 F.2d 1059, 1071 (3d Cir.1984)).

4. The *Pansy* Court quoted from Prof. Miller's article at length:

[T]he Court ... must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled. When the risk of harm to the owner of [a] trade secret or confidential information outweighs the need for discovery, disclosure [through discovery] cannot be compelled, but this is an infrequent result.

Once the Court determines that the discovery policies require that the materials be disclosed, the issue becomes whether they should "be disclosed only in a designated way," as authorized by the last laws of Rule 26(c)(7).... Whether this disclosure will be limited depends on a judicial balancing of the harm to the party seeking protection (or third persons) and the importance of disclosure to the public. Courts also have a great deal of flexibility in crafting the contents of protective orders to minimize the negative consequences of disclosure and serve the public interest simultaneously.

*Pansy,* at 787 (alterations in original) (quoting Miller, *supra,* at 433–35).

cause a defined and serious injury upon a party or that there is a need to protect a party or third persons from "annoyance, embarrassment, or oppression." Fed.R.Civ.P. 26(c).[5] Two, the method by which the documents to be afforded protection will be selected, i.e., each party would self-select the documents it concludes should be treated as confidential, results in judicial discretion yielding to private judgment. In turn, this exercise of private judgment would be given force by the public sanction of contempt. *See* Stip. ¶ 6. Three, even if some of the specific items described in the Stipulation should be afforded protection by the Court, e.g., certain trade secrets, *see* Fed.R.Civ.P. 26(c)(7), the Stipulation, as written, is far too broad in scope and imprecise in context to permit its fair enforcement.

■ 8. The parties may wish, in any event, to cloak their disclosures in a mantle of confidentiality not otherwise justifiable under the Rule 26(c) standard. This may be properly accomplished by an agreement among the parties to hold "confidential" whatever documents they conclude in their judgment "reasonably, lawfully, and ethically", *Horgan,* 1994 WL 24662 at *3, should be so treated. A breach of this type of agreement could, in turn, provide the basis for the entry of a protective order under Rule 26(c), *see, e.g., In re Laidlaw Sec. Litig.,* 1991 WL 152267 at *1, or in appropriate circumstances for injunctive relief under Federal Rule of Civil Procedure 65, *see Horgan,* 1994 WL 24662 at *2, or form the basis for an action for damages, *see Pansy,* at 788–89. In any event, the Court must ultimately retain the right to allow disclosure of any subject covered by the Stipulation or, upon a showing of good cause, to modify the terms of any confidentiality order at a subsequent date. *See id.* at 790.

AND IT IS SO ORDERED.

5. No public entity or public policy issue is implicated by the terms of the Stipulation.