Filed 6/21/22 P. v. Djama CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GULNORA DJAMA,<br><br>    Defendant and Appellant. | B313618<br><br>Los Angeles County<br>Super. Ct. No. GA098431 |

APPEAL from an order of the Superior Court of Los Angeles County, Michael D. Carter, Judge. Reversed and remanded with directions.

Christopher Lionel Haberman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In 2017, defendant Gulnora Djama[1] pled no contest to a misdemeanor violation of Health and Safety Code section 11360, subdivision (a). In 2021, Djama moved to vacate her conviction under Penal Code[2] section 1473.7, asserting her trial counsel misadvised her about the immigration consequences of her plea and that had she been properly advised of those consequences, she would not have entered the plea. The trial court denied Djama's motion without holding a hearing and without Djama's or her counsel's presence.

On appeal, Djama argues, and the People agree, that the court erred in summarily denying her motion to vacate her conviction and that the matter must be remanded for further proceedings under section 1473.7. We agree with the parties that the court erred in summarily denying Djama's motion, but we reject Djama's contention that the People should be estopped from opposing it on remand. We therefore reverse the order denying Djama's motion to vacate her conviction and remand the matter with directions for the court to conduct a hearing on the merits of the motion.

# BACKGROUND

Djama is a citizen of Uzbekistan. She entered the United States in 2011 as a lawful permanent resident. Djama emigrated here to improve her life financially, to help her family, and "to live freely as a Muslim lesbian without fear of persecution," which she was facing in her home country.

---

[1] Throughout the record, defendant's last name appears as "Djama" and "Djamalitdinova." We refer to defendant as "Djama" in this opinion.

[2] All undesignated statutory references are to the Penal Code.

In July 2016, the People charged Djama with allowing a mischievous animal to cause serious bodily injury to another person (§ 399, count 1); assault with a deadly weapon—a dog (§ 245, subd. (a)(1), count 3); criminal threats (§ 422, subd. (a), count 5); and unlawful transportation of marijuana (Health & Saf. Code, § 11360, subd. (a), count 6). The court bifurcated count 6 from counts 1, 3, and 5.

On June 16, 2017, Djama, who was represented by a deputy alternate public defender, pled no contest to count 6. During the plea colloquy, the prosecutor advised Djama of, among other things, the immigration consequences of entering a no contest plea to a misdemeanor violation of Health and Safety Code section 11360, subdivision (a): "If you are not a citizen of the United States, your plea today will cause you to be deported, exclusion from admission to the United States, or denied naturalization." Djama responded "yes" when asked to confirm that her attorney spoke to her about the immigration consequences of her plea and had not told her anything different from what was included in the prosecutor's advisement.

Following a bench trial on the bifurcated charges, the court found Djama guilty as charged in counts 1 and 5 and of the lesser included offense of misdemeanor assault in count 3. The court suspended imposition of Djama's sentence and placed her on three years' probation.[3]

On April 9, 2021, Djama, through counsel, filed a motion to vacate her conviction for a violation of Health and Safety Code section 11360, subdivision (a) and to set aside her no contest plea.

To support her motion, Djama submitted several exhibits, including her own declaration in which she asserted the

---

[3] In 2019, we affirmed Djama's criminal threats conviction in a nonpublished opinion. (*People v. Djama* (Jan. 23, 2019, B283611) [nonpub. opn.].)

following. Djama retained Jeffery Rubenstein's law firm to represent her in this case and in a separate case in which she was also charged with a violation of Health and Safety Code section 11360, subdivision (a) (Superior Court case No. SA092874). Rubenstein and his associate, Young Sik Cho, advised Djama that "accepting a plea to [a violation] of Health and Safety Code §11360(a), as a misdemeanor, is a safe immigration plea." Rubenstein's firm was later relieved from representing Djama in this case due to a conflict, although the firm continued to represent her in case No. SA092874. In January 2017, Djama pled no contest to a violation of Health and Safety Code section 11360, subdivision (a) in case No. SA092874. Djama's conviction in case No. SA092874 was subsequently vacated under section 1473.7 by Judge Elden Fox.

After Rubenstein was relieved as Djama's counsel in this case, a deputy alternate public defender was appointed to represent her. When Djama told the deputy alternate public defender that her former attorneys had advised her to plead no contest to the drug charge, he responded, "okay we will do so the way your former attorney advised you." After Djama pled no contest to the drug charge in this case, she was placed on an immigration hold. When Djama asked the deputy alternate public defender why she was facing removal proceedings, he told her that "he did what [her] former attorney advised [her]."

Djama asserted that she "did not know or understand" that pleading no contest to a violation of Health and Safety Code section 11360, subdivision (a) would subject her to adverse immigration consequences. Had she been aware of such consequences, she would not have pled no contest to the drug charge.

Djama also submitted declarations from Rubenstein and Cho, in which the attorneys acknowledged they misadvised her

4

about the immigration consequences of pleading no contest to a violation of Health and Safety Code section 11360, subdivision (a).[4] Both attorneys declared that they "failed to defend and mitigate against the negative immigration consequences of [Djama's] plea by exploring alternative dispositions to mitigate the harm that would have no immigration consequences." In addition, Cho testified that, before Djama entered her plea, she asked him whether a conviction for violating Health and Safety Code section 11360, subdivision (a) would affect her immigration status.

Djama filed several other exhibits in support of her motion, including a notice to appear in immigration court from the United States Department of Homeland Security, an automated case information sheet from Djama's pending immigration proceedings, and the trial court's order granting her motion to vacate her conviction and set aside her no contest plea in case No. SA092874. The notice to appear identifies Djama's convictions in this case and in case No. SA092874 for violating Health and Safety Code section 11360, subdivision (a) as crimes subjecting her to removal from the country.

---

[4] On January 6, 2022, Djama moved to file a redacted opening brief that redacts text referencing the contents of Exhibits B through F. We deny Djama's request to file a redacted opening brief. First, Djama does not specifically identify what information included in Exhibits B through F is confidential as a matter of law. (Cal. Rules of Court, rule 2.550(c) ["Unless confidentiality is required by law, court records are presumed to be open"].) Second, Djama cited to and discussed the contents of all the exhibits in her publicly filed motion to vacate her conviction. (See *Universal City Studios, Inc. v. Superior Court* (2003) 110 Cal.App.4th 1273, 1286 [party's voluntary disclosure to the public of information it claimed was confidential substantially outweighs the asserted confidentiality interests].)

On April 27, 2021, the same judge who presided over Djama's plea hearing and bench trial (Michael Carter) denied Djama's motion without a hearing and without Djama's or her counsel's presence. Citing to the reporter's transcript from the plea hearing in this case, the court found Djama couldn't satisfy the requirements of section 1473.7 because she was advised of, and acknowledged, the immigration consequences of her plea before she entered it.[5]

Djama appeals.

## DISCUSSION

Under section 1473.7, subdivision (a)(1), a person who is no longer in criminal custody may file a motion to vacate a conviction or sentence on the basis that "[t]he conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere. A finding of legal invalidity may, but need not, include a finding of ineffective assistance of counsel." All motions filed under section 1473.7 are entitled to a hearing with the moving party present, unless she requests not to be present and the court finds good cause for her absence. (*Id.*, subd. (d).) If the prosecution has no objection to the motion, the court may grant it without a hearing. (*Ibid.*)

---

[5] Although the court stated in its minute order denying Djama's motion to vacate her conviction that Djama entered her no contest plea to count 6 on May 11, 2017, it appears that is a typographical error. The evidentiary phase of the court trial on counts 1, 3, and 5 concluded on May 11, 2017, but the court issued its verdict on those counts, and Djama entered her no contest plea to count 6, on June 16, 2017.

We exercise our independent judgment in determining whether the trial court applied proper procedures when ruling on a motion under section 1473.7. (*People v. Fryhaat* (2019) 35 Cal.App.5th 969, 975–976.)

The parties agree, and so do we, that the court erred when it denied Djama's motion to vacate her conviction on count 6 for violating Health and Safety Code section 11360, subdivision (a). The court denied Djama's motion without holding a hearing and without Djama's and her attorney's presence. Nothing in the record shows Djama waived her right to appear at a hearing on her motion or that the court made a finding that there was good cause to hold a hearing without her presence. As noted above, section 1473.7, subdivision (d) expressly provides that all motions filed under the statute are "entitled to a hearing," and that the moving party must be present at the hearing unless she requests it be held without her and the court finds good cause as to why she cannot be present. (§ 1473.7, subd. (d).) The matter, therefore, must be remanded for a hearing on Djama's motion under section 1473.7.

The parties disagree, however, on how the matter should proceed on remand. Djama argues the People should be collaterally estopped from opposing her motion in this case because the trial court in case No. SA092874 already vacated her other conviction for violating Health and Safety Code section 11360, subdivision (a).[6] Because the same attorneys—Rubenstein

---

[6] Although Djama mentions the doctrine of res judicata, or claim preclusion, in her opening brief, she doesn't address the elements of that doctrine or argue that it bars the People from opposing her motion on remand. Rather, she limits her arguments in her opening and reply briefs to the doctrine of issue preclusion, also known as collateral estoppel. We therefore address only whether the People are barred from opposing Djama's motion on remand under principles of issue preclusion.

and Cho—erroneously advised her of the immigration consequences of pleading no contest to the same drug charge in both cases, Djama insists that the dispositive issue raised by her motion in this case has already been resolved on the merits in her favor.

Issue preclusion "prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824.) Issue preclusion applies: (1) after a final adjudication (2) of an identical issue (3) that was actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party to or is in privity with a party to the first suit. (*Id*. at p. 825.)

The elements of issue preclusion are not satisfied in this case. While the primary issue that was decided on Djama's motion to vacate her conviction in case No. SA092874 is similar to the issue raised in this case, the issues are not identical. To be sure, Rubenstein and Cho represented Djama at times in both cases, and it is undisputed that those attorneys misadvised her about the immigration consequences of pleading no contest to violating Health and Safety Code section 11360, subdivision (a). But, unlike in case No. SA092874, Djama was not represented by Rubenstein and Cho at the time she entered her no contest plea in this case. Instead, by the time of the plea hearing in this case (which occurred several months after the plea hearing in case No. SA092874), Djama was represented by a deputy alternate public defender. And, although Djama asserts in her moving papers that the deputy alternate public defender advised her to follow Rubenstein's and Cho's erroneous advice about the potential immigration consequences of pleading no contest to the drug charge, Djama stated during the June 16, 2017 plea colloquy that she had spoken to the deputy alternate public defender about the

immigration consequences of her plea and that he had not advised her any differently from what was included in the prosecutor's immigration advisement.

Thus, whether the deputy alternate public defender properly advised Djama in this case about the immigration consequences of her plea is a factual issue that wasn't resolved when the trial court in case No. SA092874 granted her motion to vacate her conviction for violating Health and Safety Code section 11360, subdivision (a). Since that unresolved issue is relevant to determining whether there was "prejudicial error damaging [Djama's] ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences" of her conviction (§ 1473.7, subd. (a)), issue preclusion does not bar the People from opposing Djama's motion on remand.[7]

In short, the court erred when it denied Djama's motion to vacate her conviction without a hearing and without Djama's and her attorney's presence. On remand, the court must conduct a hearing to decide Djama's motion on the merits. Djama must be present at that hearing unless she requests the hearing be held without her and the court finds good cause for her absence. (§ 1473.7, subd. (d).) The People will be permitted to oppose the motion.

---

[7] For this reason, we decline Djama's request to rule on the merits of her motion on the "cold record" pursuant to *People v. Vivar* (2021) 11 Cal.5th 510, 528.

## DISPOSITION

The order denying Djama's motion to vacate her conviction is reversed. The matter is remanded to the trial court with directions for the court to conduct a hearing on the merits of the motion under section 1473.7, subdivision (d).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, Acting P. J.

WE CONCUR:

EGERTON, J.

KIM, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.