[No. B166081. Second Dist., Div. Five. July 29, 2003.]

UNIVERSAL CITY STUDIOS, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
UNITY PICTURES CORPORATION, Real Party in Interest.

**COUNSEL**

Katten Muchin Zavis Rosenman, Gail Migdal Title, Steve Cochran and Joel R. Weiner for Petitioner.

No appearance for of Respondent.

Michael R. Blaha for Real Party in Interest.

## OPINION

### TURNER, P. J.—

## I. INTRODUCTION

Defendant, Universal City Studios, Inc., has filed a mandate petition which seeks to compel the respondent court to seal various documents pertinent to an arbitration dispute. We do not at this juncture decide the merits of defendant's mandate petition. This is because in conjunction with the mandate petition, defendant has filed a motion with the clerk of this court to seal the aforementioned documents pursuant to California Rules of Court, rule 12.5(e).[1] As required by rule 12.5(e)(3), we permitted the aforementioned documents to be conditionally lodged under seal pending resolution of the merits of defendant's sealing request. Additionally, after we issued several orders, defendant sought to narrow its sealing request to include only two documents. The two documents consist of an October 14, 1998, settlement agreement and a June 6, 2002, stipulation and sealing order in a federal case. We conclude the sealing requests pending before us should be denied. Hence, we will return the aforementioned documents to defendant as required by rule 12.5(e)(7).

Without the foregoing documents, the denial of defendant's mandate petition is now foreordained because it will not be supported by the documents it seeks to have sealed. (Rule 56(c); *Sherwood v. Superior Court* (1979) 24 Cal.3d 183, 186–187 [154 Cal.Rptr. 917, 593 P.2d 862].) But we are required by rule 12.5(e)(7) to return the documents to defendant. We will allow defendant 10 days to file any supporting documents it wishes, but they must not be lodged under seal. We will defer final decision on the merits of the mandate petition for 11 days.

## II. PROCEDURAL HISTORY

### A. PROCEEDINGS IN THE RESPONDENT COURT

On November 5, 2002, plaintiff, Unity Pictures Corporation, filed its complaint for: rescission of the arbitration clause in the October 14, 1998, settlement agreement; fraud; and declaratory relief. The complaint, which is not sealed, alleged that the October 14, 1998, settlement agreement provided for strict confidentiality of its terms. Hence, the complaint indicated, further more specific facts would be alleged only when a sealing order had been secured. The first cause of action for rescission of the arbitration clause in the

---

[1] All future references to a rule are to the California Rules of Court.

October 14, 1998, agreement alleged: defendant made material misrepresentations concerning the arbitration clause in the October 14, 1998, agreement; plaintiff relied on those misrepresentations; and on October 29, 2002, plaintiff gave notice of rescission of the arbitration clause in the October 14, 1998, agreement. The second cause of action alleged that: defendant's misrepresentations as to the arbitration clause were fraudulent and intended to deceive plaintiff; the misrepresentations concerning the arbitration clause in the October 14, 1998, agreement were made with the intent of depriving plaintiff of its rights; plaintiff had been damaged because it had expended money for attorney fees, costs, and arbitrator expenses; and plaintiff was entitled to an award of punitive damages. The third cause of action for declaratory relief alleged: a controversy had arisen between plaintiff and defendant; plaintiff had various claims it could bring against defendant; plaintiff contended the statute of limitations on those claims had been tolled, but defendant contended the statute of limitations had not been tolled, plaintiff alleged that it was entitled to a judicial determination as to whether the rescission of the arbitration clause restored it to its "position before it entered into" the October 14, 1998, agreement; and plaintiff was entitled to a judicial determination as to whether the statute of limitations on its pre-October 14, 1998, claims had been tolled.

On November 27, 2002, plaintiff and Ram Ben Efraim filed a request pursuant to rule 243.2(d) to conditionally lodge under seal a motion to vacate certain "interlocutory arbitration orders" and for a preliminary injunction. Mr. Ben Efraim is not named as a party in the complaint. On December 23, 2002, defendant filed a motion to permit the filing of certain documents under seal pursuant to rules 243.1 and 243.2. The documents defendant sought to be sealed were: a motion to dismiss the present action; a motion to stay the present action pending the arbitrator's ruling; and a judicial notice request. Further, defendant sought permission to file under seal its opposition to all of plaintiff's motions. Also, defendant sought to permit plaintiff to file under seal its reply to the dismissal and stay requests. Defendant also sought the following sealing order: "The parties may also file under seal motions, briefs, declarations and/or other pleadings filed in this action that refer to any of the information contained in the Motion to Dismiss, Opposition and Reply, as well as other information or materials from the arbitration that the arbitrator may authorize the parties to file." Finally, defendant requested that the respondent court order the parties and their counsel not to disclose the contents of any sealed documents to other persons or during any public court proceedings. Defendant asserted the following justification for sealing the foregoing documents: "An order sealing selected materials is necessary in order to preserve and protect the rights and obligations of the parties to the Arbitration Agreement, to maintain the confidentiality of certain information and to comply with the orders of the arbitrator in an arbitration currently

pending before the Honorable Eli Chernow (Ret.) pursuant to the Arbitration Agreement. Absent a sealing order, [defendant] would suffer irreparable prejudice, as [defendant] would be unable to provide the Court with information necessary to allow the Court to fully and fairly adjudicate the issues before it or would be forced to disclose protected confidential information." The evidence relied upon by defendant in the respondent court is the same as presented to us. We will delineate that evidence shortly.

On March 6, 2003, the respondent court held a hearing on the sealing motions. The respondent court denied the sealing motions. The respondent court found: the only justification for sealing the various motions and papers was the contractual agreement of the parties; this understanding, by itself, did not constitute an overriding interest; and none of the other interests set forth in *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1222 [86 Cal.Rptr.2d 778, 980 P.2d 337] footnote 46, warranted sealing the documents. The respondent court ordered the documents lodged conditionally under seal returned to the parties submitting the documents.

### B. DEFENDANT'S MANDATE PETITION AND CURRENT SEALING MOTION

On April 3, 2003, defendant filed a mandate petition seeking to set aside the respondent court's March 6, 2003, order denying its rule 243.2(b)(1) sealing motion. Plaintiff has not challenged the respondent court's order denying the sealing motions. Accompanying defendant's mandate petition is a motion to seal various documents. In this opinion, we only resolve the issue of the current motion before us to seal the documents which have been lodged conditionally under seal by defendant. Defendant requests we seal the October 14, 1998, settlement agreement which includes an arbitration clause; a dismissal motion; a motion to stay the present civil suit pending resolution of certain issues by the arbitrator; and a judicial notice request.

The judicial notice request contains numerous documents other than the October 14, 1998, settlement agreement which includes an arbitration clause. Because the documents attached to the judicial notice request have been conditionally lodged under seal, we will refer to them generically or only by title. We will however refer to factual matters which are revealed in unsealed documents. Defendant has lodged the first amended complaint in the case of *Ben Efraim v. Universal City Studios* (Super. Ct. L.A. County, Feb. 23, 2001, No. BC243368) (the *Ben Efraim* action) and its attached exhibits. The attached exhibits to the February 23, 2001, *Ben Efraim* first amended complaint consist of: a movie agreement; a cross-complaint filed by defendant in the case of *Kirchmedia GmbH & Co. v. Universal Studios* (Super. Ct. L.A. County, Feb. 3, 2000, No. BC221645); a judgment on the pleadings

motion in the *Kirchmedia GmbH & Co.* case filed by defendant on June 16, 2000; various accounting statements for a film; a letter dated April 18, 1990; and a revenue statement for some films. The judicial notice request, which defendant seeks to seal, also includes: a September 26, 2001, minute order and notice of ruling filed October 9, 2001, in the *Ben Efraim* action; a sealed Court of Appeal order dated October 10, 2001; a notice of ruling in the *Ben Efraim* action filed November 28, 2001; a December 28, 2001, notice of entry of an order in the *Ben Efraim* action; a November 27, 2001, order in the *Ben Efraim* action; a Court of Appeal order denying a writ petition (*Ben Efraim v. Superior Court* (Feb. 6, 2002, B155328) [nonpub. order]); an answer and cross-complaint filed March 15, 2002, in the case of *Universal City Studios, Inc. v. Ben Efraim* (Super. Ct. L.A. County, Jan. 3, 2002, No. BC265624); and minute orders issued March 29, 2002, and August 23, 2002, in this latter lawsuit which also involves Mr. Ben Efraim.

In support of the foregoing sealing request, defendant relies upon the following facts. On October 14, 1998, plaintiff entered into a settlement agreement with defendant. Because the October 14, 1998, settlement agreement has been conditionally lodged under seal, we will only generally describe its contents. As will be noted, publicly filed documents have revealed much about the nature of the October 14, 1998, agreement. A portion of the October 14, 1998, agreement required that certain disputes between plaintiff and defendant be arbitrated. Further, the agreement required that its terms remain confidential except certain disclosures could be made to an arbitrator. Attached to the October 14, 1998, settlement agreement were exhibits which consisted largely of four pages which reflect monetary payments to be made between the parties. Every one of the monetary sums set forth in the four pages conditionally lodged with us and the respondent court were redacted. Also, attached to the October 14, 1998, agreement was a promissory note. The sums due under the promissory note are redacted. None of the financial specifics in the October 14, 1998, agreement as executed by the parties appear in any documents filed in the respondent court and with us. A total of 88 separate redactions, all of which involve financial figures, have been made to the October 14, 1998, agreement. Finally, attached to the October 14, 1998, agreement was a letter from Mr. Ben Efraim to a vice-president of defendant.

Additionally, defendant relies on a series of sealing orders in related litigation. On June 26, 2001, a superior court judge signed a sealing order in the *Ben Efraim* lawsuit. On an uncertain date in October 2001, a different Court of Appeal division issued an order sealing the entirety of any document which refers to the October 14, 1998, agreement. A second sealing order was issued by that Court of Appeal division on February 6, 2002. Further, defendant relies on a November 27, 2001, order issued by a superior court judge in the *Ben Efraim* litigation compelling arbitration and staying the civil

lawsuit. Moreover, defendant cites to an order denying a mandate petition issued by Division Two of this appellate district. (*Ben Efraim v. Superior Court* (Feb. 6, 2002, B155328) [nonpub. order].) Additionally, defendant cites to an April 23, 2002, order by a superior court judge sealing a motion to stay pending arbitration filed by defendant. Also, defendant relies upon a stipulation and order in a federal lawsuit which allows all documents referring to the October 14, 1998, agreement to be filed under seal. Finally, defendant relies on an October 8, 2002, order filing documents under seal issued by a superior court judge. (*Enright v. Universal City Studios, Inc.* (Super. Ct. L.A. County, 2002, No. BC259811).)

## III. DISCUSSION

### A. DISCLOSURE PRINCIPLES

In *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court, supra,* 20 Cal.4th at pages 1217–1218, the California Supreme Court identified the constitutional requirements applicable to a request to seal court records as follows: "[B]efore substantive courtroom proceedings are closed or transcripts are ordered sealed, a trial court must hold a hearing and expressly find that (i) there exists an overriding interest supporting closure and/or sealing; (ii) there is a substantial probability that the interest will be prejudiced absent closure and/or sealing; (iii) the proposed closure and/or sealing is narrowly tailored to serve the overriding interest; and (iv) there is no less restrictive means of achieving the overriding interest." (Italics & fns. omitted.) In terms of trial courts, the Judicial Council promulgated rules 243.1 and 243.2, which govern sealing requests in the trial courts in order to comply with the constitutional standards set forth in the *NBC Subsidiary* decision. (*In re Providian Credit Card Cases* (2002) 96 Cal.App.4th 292, 298, fn. 3 [116 Cal.Rptr.2d 833]; Jud. Council of Cal., Advisory Com. com., reprinted at 23 pt. 1 West's Ann. Codes, Rules (2003 supp.) foll. rule 243.1, pp. 285–286.) For reviewing courts, the Judicial Council promulgated rule 12.5.[2] As in the case of rules 243.1 and 243.2, rule 12.5 was adopted in response to the *NBC Subsidiary*

---

[2] Rule 12.5(e) states in its entirety: "(e) Record not filed in the trial court; motion to file under seal [¶] (1) A record not filed in the trial court may be filed under seal in the reviewing court only by order of that court; it must not be filed under seal solely by stipulation or agreement of the parties. [¶] (2) To obtain an order under (1), a party must serve and file a motion in the reviewing court, accompanied by a declaration containing facts sufficient to justify the sealing. With that motion, the party must lodge the record under (3), unless good cause is shown not to lodge it. [¶] (3) To lodge a record, the party must put the record in a manila envelope or other appropriate container, seal it, and attach a cover sheet that complies with rule 44(d) and labels the contents as 'CONDITIONALLY UNDER SEAL.' [¶] (4) If necessary to prevent disclosure, the motion, any opposition, and any supporting documents must be filed in a public redacted version and lodged in a complete version conditionally under seal. [¶] (5) On receiving a lodged record, the clerk must note the date of receipt on the cover sheet and retain but not file the record. The record must remain conditionally under seal

decision. (Jud. Council of Cal., Advisory Com. com., reprinted at 23 pt. 1 West's Ann. Codes, Rules (2003 supp.) foll. rule 12.5, p. 61.) ■ The parties agree that the present case is subject to rule 12.5(e)(3), which permits the conditional lodging under seal of documents a party seeks to have sealed. When a document is sealed by a trial court, it must be filed under seal in the Court of Appeal. (Rule 12.5(c)(1).[3])

■ Once documents are lodged conditionally under seal, the justices rule whether the papers may be sealed. Rule 12.5(e)(6) requires the Court of Appeal to make the findings set forth in rule 243.1(d) through (e) before documents may be sealed. If the sealing motion is denied, the conditionally lodged documents must be returned to the moving party by the court clerk. (Rule 12.5(e)(7).) Rule 243.1(d) through (e), which sets forth the findings we must make in order to seal the conditionally lodged records, states: "(d) [Express findings required to seal records] The court may order that a record be filed under seal only if it expressly finds that: [¶] (1) There exists an overriding interest that overcomes the right of public access to the record; [¶] (2) The overriding interest supports sealing the record; [¶] (3) A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; [¶] (4) The proposed sealing is narrowly tailored; and [¶] (5) No less restrictive means exist to achieve the overriding interest. [¶] (e) [Scope of the order] [¶] (1) An order sealing the record must (i) specifically set forth the factual findings that support the order, and (ii) direct the sealing of only those documents and pages—or, if reasonably practicable, portions of those documents and pages—that contain the material that needs to be placed under seal. All other portions of each document[] or page must be included in the public file."

The issue we confront at present is whether to allow the conditionally lodged documents to be sealed pursuant to rule 12.5(e)(6). In order to seal the papers offered by defendant, we must make the findings in rule 243.1(d) through (e). Defendant argues that sealing is warranted because of its binding contractual obligation with plaintiff not to disclose the contents of the October 14, 1998, agreement. In *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court, supra,* 20 Cal.4th at page 1222, footnote 46, the Supreme Court explained that closure of a court hearing and, by inference, sealing of documents may be justified if necessary to protect a civil litigant's fair trial rights. The Supreme Court then identified other examples of where an

pending determination of the motion. [¶] (6) The court may order a record filed under seal only if it makes the findings required by rule 243.1(d)–(e). [¶] (7) If the court denies the motion, the clerk must not place the lodged record in the case file but must return it to the moving party."

[3] Rule 12.5(c)(1) states: "If a record sealed by the trial court is part of the record on appeal: [¶] (1) The sealed record must be filed under seal in the reviewing court and remain sealed unless that court orders otherwise under (f)."

overriding interest had been found which warranted closure of civil proceedings as follows: "Courts have acknowledged various other overriding interests. (*Globe* [*Newspaper Co. v. Superior Court* (1982)] 457 U.S. 596, 607 [73 L.Ed.2d 248, 102 S.Ct. 2613] [protection of minor victims of sex crimes from further trauma and embarrassment]; accord, *Press-Enterprise* [*Co. v. Superior Court* (1986)] 478 U.S. 1, 9, fn. 2 [92 L.Ed.2d 1, 106 S.Ct. 2735]; *Press-Enterprise* [*Co. v. Superior Court of Cal.* (1984)] 464 U.S. 501, 512 [78 L.Ed.2d 629, 104 S.Ct. 819] [privacy interests of a prospective juror during individual voir dire]; *Rovinsky* [*v. McKaskle* (5th Cir. 1984)] 722 F.2d 197, 200 [protection of witnesses from embarrassment or intimidation so extreme that it would traumatize them or render them unable to testify]; *Publicker* [*Industries, Inc. v. Cohen* (3d Cir. 1984)] 733 F.2d 1059, 1073 [protection of trade secrets, protection of information within the attorney-client privilege, and enforcement of binding contractual obligations not to disclose] ...." (*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court, supra,* 20 Cal.4th at p. 1222, fn. 46.)

In *Publicker Industries*, the Third Circuit decision cited in footnote 46 of the *NBC Subsidiary* decision, the "enforcement of binding contractual obligation[]" justification for closure and inferentially sealing was described follows: "Unless such an overriding interest exists, there is a presumption that the proceedings will be open to the public. [Citation.] [¶] The overriding interest can involve the content of the information at issue, the relationship of the parties, or the nature of the controversy. For example, an interest in safeguarding a trade secret may overcome a presumption of openness. See *Zenith Radio Corp. v. Matsushita Electric Industrial Corp.* [(E.D. Pa. 1981)] 529 F.Supp. [866,] 890.) The content of the information is critical in that context. However, in the situation where a plaintiff seeks an injunction to prevent his former lawyer from disclosing certain information arguably within the attorney-client privilege, it is the relationship between the parties not the content of the information which might overcome the presumption of openness. See [*Du Pont Powder Co.*] *v. Masland* (1917) 244 U.S. 100 [61 L.Ed. 1016, 37 S.Ct. 575]. *A similar situation would be presented where there is a binding contractual obligation not to disclose certain information which to the court seems innocuous but newsworthy; in that situation unbridled disclosure of the nature of the controversy would deprive the litigant of his right to enforce a legal obligation.*" (*Publicker Industries, Inc. v. Cohen, supra,* 733 F.2d at pp. 1073–1074, italics added.)

Defendant quite obviously relies on the foregoing language in *Publicker* to support its contention that footnote 46 of *NBC Subsidiary* permits sealing of the documents at issue. However, a thorough reading of all of the *Publicker* opinion makes it clear that the Third Circuit requires more than a mere agreement of the parties to seal documents filed in a public courtroom. At

another point in the *Publicker* opinion, the Third Circuit panel noted: the public may be excluded from a civil trial only upon a showing that the denial of access serves important governmental interest (*Publicker Industries, Inc. v. Cohen, supra,* 733 F.2d at p. 1070); in addition, there must be a no less restrictive way to protect that governmental interest (*ibid.*); in order to close a civil proceeding there must be evidence of "serious injury"; and the serious injury must be shown with specificity. (*Id.* at p. 1071.) Other courts applying *Publicker* have emphasized that closure or sealing can only occur under the Third Circuit rule when there has been a specific showing of serious injury. (*In re Cendant Corp.* (3d Cir. 2001) 260 F.3d 183, 194; *Pansy v. Borough of Stroudsburg* (3d Cir. 1994) 23 F.3d 772, 786; *Miller v. Indiana Hosp.* (3d Cir. 1994) 16 F.3d 549, 551; *Dombrowski v. Bell Atlantic Corp.* (E.D. Pa. 2000) 128 F.Supp.2d 216, 217; *Paul P. v. Farmer* (D. N.J. 2000) 80 F.Supp.2d 320, 326; *Charlie H. v. Whitman* (D. N.J. 2003) 213 F.R.D. 240, 248; *Bonin v. World Umpires Ass'n* (E.D. Pa. 2001) 204 F.R.D. 67, 70; *Caver v. City of Trenton* (D. N.J. 2000) 192 F.R.D. 154, 162–163; *Merit Industries, Inc. v. Feuer* (E.D. Pa. 2001) 201 F.R.D. 382, 384; *U.S. v. Dentsply Intern., Inc.* (D. Del. 1999) 187 F.R.D. 152, 159; *County Council, Northampton County v. Systemhouse* (E.D. Pa. 1998) 182 F.R.D. 161, 162; *Damiano v. Sony Music Entertainment, Inc.* (D. N.J. 1996) 168 F.R.D. 485, 490; *Aetna Cas. & Sur. Co. v. George Hyman Const. Co.* (E.D. Pa. 1994) 155 F.R.D. 113, 115, fn. 3; *Krahling v. Executive Life Ins. Co.* (N.M. Ct. App. 1998) 1998-NMCA-71 [125 N.M. 228, 959 P.2d 562, 567].) Citing *Publicker*, a Third Circuit panel later held: "In delineating the injury to be prevented, specificity is essential. [Citation.] Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." (*In re Cendant Corp., supra,* 260 F.3d at p. 194.) We have been unable to find any appellate court decision which construes *Publicker* to permit sealing of court documents merely upon the agreement of the parties without a specific showing of serious injury. We therefore, with respect, reject defendant's broad reading of the citation to *Publicker* in footnote 46 of *NBC Subsidiary*.

The Third Circuit analysis is consistent with the *NBC Subsidiary* holding. In *NBC Subsidiary*, the trial court ordered closure of proceedings where the jury was not present in order to protect the litigants' fair trial rights. (*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court, supra,* 20 Cal.4th at p. 1222.) The Supreme Court agreed that the protection of a fair trial right can be an overriding interest which would justify closure. However, the Supreme Court noted in *NBC Subsidiary* that the mere assertion of a fair trial cannot support a closure order. The Supreme Court held: "We believe that the trial court's stated justification—protection of the underlying civil litigants' right to a fair trial—is, in the abstract, an overriding interest, and that the First Amendment (and hence [Code of Civil Procedure] section 124) do, in an appropriate case, permit closure to protect that interest. The trial court, however, made no

finding supporting the proposition that prejudice to that interest was *substantially probable* absent closure and temporary sealing." (*Ibid.,* italics & fns. omitted.) The first of the two omitted footnotes in the quoted portion from *NBC Subsidiary* in the immediately preceding sentence is footnote 46, which refers to *Publicker* and the right to closure or sealing in furtherance of the potential overriding interest of enforcement of a binding contractual obligation not to disclose. *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court, supra,* 20 Cal.4th at p. 1222, fn. 46; see *Publicker Industries, Inc. v. Cohen, supra,* 733 F.2d at p. 1073.) Nonetheless, once it is established there is a potential overriding interest, the party seeking closure or sealing must prove prejudice to that interest is substantially probable. (*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court, supra,* 20 Cal.4th at p. 1222.)

█    In terms of the overriding interest requirement of a closure or sealing order, *NBC Subsidiary* identifies two separate elements. The first element requires the identification of an overriding interest. (*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court, supra,* 20 Cal.4th at pp. 1217–1218; see *In re Providian Credit Card Cases, supra,* 96 Cal.App.4th at p. 298, fn. 3.) Defendant has identified such a potential overriding interest—a binding contractual agreement not to disclose. The second element of the overriding interest analysis is there must be a substantial probability that it will be prejudiced absent closure or sealing. (*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court, supra,* 20 Cal.4th at p. 1218; *Pack v. Kings County Human Services Agency* (2001) 89 Cal.App.4th 821, 832 [107 Cal.Rptr.2d 594].) As we will note, defendant has not shown a substantial probability any such interest in the present case will be prejudiced—the second element of overriding interest analysis identified in *NBC Subsidiary.* This analysis has now been promulgated by the Judicial Council as one of the findings that must be returned before a sealing order can be entered. (Rule 243.1(d)(3) ["A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed ...."].)

### B.   The Two Sealing Requests

#### 1.   The October 14, 1998, settlement agreement

Independent of its broader requests, defendant requests that we seal the October 14, 1998, settlement agreement. We agree with defendant that its contractual obligation not to disclose can constitute an overriding interest within the meaning of rule 243.1(d). (*Publicker Industries, Inc. v. Cohen, supra,* 733 F.2d at p. 1073; *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court, supra,* 20 Cal.4th at p. 1222, fn. 46.) However, the confidentiality provisions of the October 14, 1998, settlement agreement involved a document which is materially different from the one conditionally lodged with us

on April 9, 2003. As noted previously, there have been 88 separate redactions to the October 14, 1998, settlement agreement. All references to financial data have been deleted from the October 14, 1998, settlement agreement. Defendant has not demonstrated any prejudice to its business interests if it is revealed the parties entered into the October 14, 1998, settlement agreement. No admissible evidence has been presented showing defendant will be harmed if the October 14, 1998, agreement or any of its nonfinancial terms are made public particularly in light of the 88 redactions which have deleted any reference to financial data. The fact the parties entered into the October 14, 1998, settlement agreement is a matter of public record. It is discussed in the complaint which is not sealed. It is discussed at length in the mandate petition filed in this case which is unsealed. Defendant has expressly indicated it is not seeking to seal its mandate petition. The mandate petition: refers 49 times to the October 14, 1998, arbitration and settlement agreement; by doing so, defendant identifies the parties to the agreement; explicitly states that a confidential arbitration has been going on before retired Superior Court Judge Eli Chernow since January 1999; on five different pages identifies the motion picture which gave rise to the dispute, "Private School"; explains Mr. Ben Efraim' s relationship to the dispute; and identifies a relative of Mr. Ben Efraim who has knowledge of some of the facts. Apart from the financial figures which have been redacted, the October 14, 1998 agreement is a routine settlement document. Defendant has presented no evidence that disclosure of any of the substantive provisions as distinguished from the redacted financial terms of the October 14, 1998, agreement will prejudice any legitimate confidential business practice. Finally, the arbitration which has been conducted in secret since January 1999, can continue out of the public eye.

To sum up, no substantial prejudice to the contractual obligation not to disclose has been proven. The heavily redacted October 14, 1998, agreement is not the same document presented to us. Defendant has failed to make any showing of prejudice to any of its legitimate commercial interests if the heavily redacted October 14, 1998, agreement is unsealed.

### 2. The remaining papers except the financial records

In addition to the October 14, 1998, settlement agreement, defendant has requested we seal its motion to dismiss and stay as well as the judicial notice request, which were the documents lodged additionally under seal with the respondent court. At the outset, we emphasize the point we just made. Defendant has presented no admissible evidence as to how its legitimate confidential financial interests will be compromised or its competitive abilities adversely affected if the lodged documents are made available to the public. Disclosure will not affect whether the confidential arbitration will

proceed. The sole ground asserted is that the extensively redacted October 14, 1998, settlement agreement requires confidentiality and the presumption of openness in civil litigation must give way to the parties' contractual understanding. Several examples of why defendant is incorrect will suffice. Because the documents are lodged conditionally under seal, we will provide only generic examples. If granted, defendant's motion would seal proofs of service of motions and pleadings. If granted, defendant's motion would seal an order entered by a superior court judge denying a motion to vacate an arbitration order. If granted, defendant's motion would result in the sealing of dozens of pages of pleadings in a case having virtually nothing to do with the October 14, 1998, settlement agreement and the ongoing arbitration involving the parties to this lawsuit. Defendant seeks to seal a table of contents and pages of legal discussion in a judgment on the pleadings motion, none which involve any identifiable danger to any financial, professional, or artistic interest of defendant. Defendant asks us to seal an order which is fully synthesized on this court's Web site (http://appellatecases.courtinfo.ca.gov/). Our point has been appropriately made—except as will be noted, defendant's overbroad sealing request seeks to seal papers in the absence of an overriding interest.

One last observation is appropriate. Defendant correctly notes different courts have sealed documents, including the October 14, 1998, settlement agreement, in other cases. We respect those rulings. However, some of the documents in this case were not filed in the other matters. Also, in none of the other cases did any judicial officer purport to prohibit us from exercising our discretion based on the facts before us. Moreover, the facts in other cases are different from those in this one. Further, in none of the other cases is there any indication a thorough analysis was made of *Publicker v. Industries, Inc. v. Cohen, supra*, 733 F.2d at page 1073, and *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court, supra*, 20 Cal.4th at page 1222, footnote 46. Additionally, rules 12.5 and 243.1 require that we exercise discretion based on the facts before us. Finally, in terms of the Court of Appeal sealing orders, rule 12.5(c)(1) required that any documents sealed in the trial court be filed at least initially under seal in the reviewing court. (See fn. 3, *ante*.) Those rulings, which involve in some cases different documents, are not binding on us.

### C. The Financial Information

Included in the documents attached to the judicial notice request are 20 pages of financial and accounting data. The pages are largely blank except for specific entries relating to markets and certain financial data. The financial information includes proceeds in different markets for 25 different films. We asked defendant to brief the issue of whether these matters may involve

confidential proprietary information to such a degree that the rule 243.1(d) findings could be made. Defendant has filed a fact-specific declaration by Daniel Martinez, a senior vice-president and controller of defendant. Mr. Martinez's declaration argues disclosure will cause "competitive harm" to defendant in its negotiations with competitors and customers. Based upon Mr. Martinez's declaration and the nature of the financial data, we ordinarily would order sealing of such matters. Ordinarily, we would conclude: the financial information involves confidential matters relating to the business operations of defendant; public revelation of these matters would interfere with its ability to effectively compete in the marketplace both here in this country and overseas; if made available to the public, there is a substantial probability that their revelation would prejudice the foregoing legitimate interests of defendant; an order sealing these 20 pages, which are largely blank, is narrowly tailored; and other than sealing, no less restrictive means exists to protect defendant's legitimate proprietary interests. However, the financial data at issue also appears in an unsealed portion of the superior court file in another case. The financial data appears in an unsealed superior court file in the case of *Enright v. Universal City Studios, Inc.* (Super. Ct. L.A. County, 2002, No. BC259811). The financial information appears in an unsealed document filed by defendant. In the absence of any evidence of inadvertence or mistake, we are satisfied that defendant's own voluntary disclosure of the financial data in an unsealed document it filed in superior court where the information has been available for public review for over one year substantially outweighs the confidentiality interests identified in Mr. Martinez's declaration.

### D. The Federal Court Order

As noted previously, defendant filed a second sealing motion which sought to seal only two documents—the October 14, 1998, settlement agreement and a June 6, 2002, federal court sealing order. We have already discussed the October 14, 1998, settlement agreement. As to the June 6, 2002, federal court sealing order, we decline to order that it be sealed based on the showing to date. The June 6, 2002, stipulated sealing order does not purport to compel any other court to file the order itself under seal.

### E. The Return

On April 23, 2003, plaintiff filed a document entitled, "Unity Pictures Corporation Return To The April 11, 2003 Order To [Show] Cause Why The Relief Prayed For In The April 3, 2003 Petition For Writ Of Mandate Should Not Be Granted." The return is unverified and consists principally of legal arguments in support of disclosure of the documents defendant seeks to have sealed. Defendant argues the return must be disregarded because it fails to

comply with rule 56(f), which states: "If the petition is granted, with or without prior service or opposition, and a writ or order to show cause issues, the respondent or real party in interest or both, separately or jointly, may make a return, by demurrer, verified answer or both. Unless a different return date is specified by the court, the return shall be made at least five days before the date set for hearing. If the return is by demurrer alone, and the demurrer is not sustained, the peremptory writ may issue without leave to answer." In *County of San Bernardino v. Superior Court* (1994) 30 Cal.App.4th 378, 382, footnote 6 [35 Cal.Rptr.2d 760], the Court of Appeal noted: "In its traverse, petitioner points out that respondents have filed only a document entitled 'responsive brief,' which makes no effort to respond to the formal allegations of the petition. Our order issuing the alternative writ requested a formal return, as is customary when a case is placed on calendar for hearing. A 'return' means either an answer or demurrer. ([R]ule 56(e).[)] We commend to counsel's attention Mr. Witkin's discussion of the proper procedures, and the potential consequences for the failure to follow such procedures. (8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writs[,] §§ 179–181, pp. 809–811.)" (Code Civ. Proc., § 1089; see Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2002) ¶ 15:223, p. 15-93.) We agree with defendant that the unverified return which is not a demurrer should be stricken in terms of the merits of the mandate petition. However, the unverified return also addresses the merits of the plaintiff's rule 12.5(e)(2) motion to seal. There is no requirement that an opposition to a party's rule 12.5(e)(2) motion to seal be verified. Therefore, the return will not be considered on the merits of the mandate petition but has been taken into account in assessing the rule 12.5(e)(2) motion to seal.

### F. DEFENDANT'S OPTIONS

Given our findings, the clerk is directed to return the exhibits lodged conditionally under seal to defendant. Within the next 10 days, defendant may file any documents it wishes. Upon refiling, if such occurs, all documents will be available to the public. If no records are refiled, the court will proceed to rule on the mandate petition.

### IV. DISPOSITION

The motion to seal is denied. The records are ordered returned to defense counsel. Defendant shall have 10 days to file any documents it desires but they are not to be filed under seal.

Grignon, J., and Armstrong, J., concurred.