[No. B166781. Second Dist., Div. Five. Sept. 22, 2003.]

HUFFY CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
WINTERTHUR SWISS INS. CO. et al., Real Parties in Interest.

**COUNSEL**

Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, Terry D. Avchen, Peter C. Sheridan and Warren A. Koshofer for Petitioner.

No Appearance for Respodent.

Berkes, Crane, Robinson & Seal, Steven M. Crane, Ropes & Gray, Kenneth W. Erickson and Christopher R. Dillon for Real Parties in Interest.

**OPINION**

**TURNER, P. J.—**

## I. INTRODUCTION

On May 1, 2003, petitioner and defendant, Huffy Corporation, filed a mandate petition which seeks to set aside an order denying its cross-summary-adjudication motion in an insurance coverage dispute in two related

cases pending in the respondent court. Defendant filed its mandate petition along with 2,589 pages of sealed exhibits. Concerned that such a number of pages of sealed exhibits in an ordinary coverage dispute might be inconsistent with established California law, we afforded the parties an opportunity to brief the issue of whether any or all of the documents should be sealed. Only defendant responded to our inquiry concerning the sealing of the documents. Recognizing the legal untenability of arguing that all 2,589 pages should remain sealed, defendant narrowed its list of papers it desired to have remain under seal. Plaintiffs and real parties in interest have interposed no objection to the unsealing of any of the documents. We now conclude that none of the documents may remain sealed. The 2,589 pages of exhibits are ordered returned to defense counsel. Defendant shall have 10 days to file any documents it desires but they may not be filed under seal.

## II. PROCEDURAL HISTORY

On December 19, 2001, plaintiffs, Winterthur Swiss Insurance Company, St. Paul International (UK) Limited, Turegum Insurance Company Ltd., Stronghold Insurance Company Limited, Excess Insurance Company Limited, Compagnie Belge D'Assurrance Generale, CNA Reinsurance of London, and Underwriters at Lloyd's, London Severally Subscribing Liability Insurance Policy Numbers 020029005, 188730100, and 1837355, filed a declaratory relief complaint against defendant and codefendants, Yasuda Fire & Marine Insurance Company, and The Dominion Insurance Company Limited. Plaintiffs alleged defendant had demanded they: provide insurance coverage for claims arising from chemicals in the groundwater near a former manufacturing site located at 1120 West Foothill Boulevard in Azusa, California; defend certain toxic tort actions pending in the respondent court; represent it in negotiations with the Environmental Protection Agency as well as state and local authorities concerning "remediation of the Baldwin Park Operable Unit . . . of the San Gabriel Superfund Site"; defend it in connection with a federal superfund lawsuit; and indemnify it for costs and expenses associated with the San Gabriel Superfund Site. Further, it was alleged defendant was involved in negotiations with the Environmental Protection Agency over cleanup at the San Gabriel Superfund Site. In June 2000, the Environmental Protection Agency was alleged to have issued an administrative order to defendant and 18 other entities to develop a cleanup plan. Defendant was alleged to have made payments of $500,000 in connection with the superfund site negotiations.

Defendant purchased primary and excess third party insurance policies. Plaintiffs acknowledged that they had issued excess third party insurance policies naming defendant as an insured. In June 2001, defendant demanded that plaintiffs provide a defense and indemnification in connection with

administrative proceedings and litigation concerning the alleged spills. Plaintiffs alleged: "After reviewing [defendant's] documents and discussing [defendant's] claim with its representatives, [plaintiffs] responded to [defendant's] demand by letter dated . . . July 30, 2001. In that letter, [plaintiffs] reviewed the available facts, described the relevant policy terms and conditions, and advised [defendant] of their determination that they did not have any obligation to provide a defense and, as presented by [defendant], that they had no obligation to indemnify [defendant] for any sum relating to the [aforementioned claims]." There had been an exchange of correspondence concerning the litigation and a new toxic tort action had been filed against defendant. Based on these facts, plaintiffs sought a declaration, in part because defendant's primary insurance coverage had not yet been exhausted, that they had no duty to defend 14 lawsuits and various administrative actions; indemnify defendant in the lawsuits or administrative proceedings; and indemnify defendant in the 14 lawsuits. To date, defendant has not answered the complaint.

On October 23, 2002, defendant and all other parties filed in the respondent court a stipulation for a protective order. The protective order stipulation was to apply to another case as well as the present one. In the other case, defendant sued 14 of its insurers. (*Huffy Corporation v. Chicago Insurance Co.* (Super. Ct. L.A. County, 2001, No. BC264718.) The present case and case No. BC264718 were deemed to be related cases pursuant to the respondent court's local rule 7.3(f).[1]

The stipulation provided there was a dispute between defendant and its insurers; defendant contended that its insurers provided excess coverage to its primary policies; defendant's insurers contended that they had no such excess coverage duties; document production demands had been exchanged; and it was anticipated future "Discovery Requests" would be served. The stipulation further provided: "[T]he Parties agree that the information exchanged between the Parties and the Discovery Requests in this Action and/or in the Related Case may, in some instances, seek confidential business information, including but not limited to commercial information about the Parties' operations methodologies, business strategies, invoices for legal and consulting services, trade secrets or trade sensitive information, confidential research, propriety commercial or financial information and/or sensitive or private information, including agreements or other writings pertaining to joint defense, work product or attorney-client privileges (hereinafter collectively

---

[1] The Superior Court of Los Angeles County Local Rules, rule 7.3(f) states in pertinent part: "A civil case may be ordered related to other case(s) . . . by the Court when it appears that the cases: [¶] a) Arise from the same or substantially identical transactions, happenings or events; or [¶] b) Require a determination of the same or substantially identical questions of law and/or fact; or [¶] c) Are likely for other good reasons to require substantial duplication of labor incurred by different judges."

referred to as 'Protected Information') all of which the Parties wish to be governed by this Protective Order . . . ." The stipulation set forth the procedure by which documents would be subject to the protective order. When a party "reasonably and in good faith" believed a document qualified as protected information under the terms of the stipulation, it could be subject to the protective order. All that was necessary for a party under these circumstances to make a document subject to the protective order was to stamp it "CONFIDENTIAL." The stipulation set forth similar ways to make magnetic media, physical exhibits, and deposition testimony subject to the protective order. The stipulation also identified how derivative information adduced from documents and other data subject to the protective order was to remain confidential.

The October 23, 2002 stipulation further imposed nondisclosure duties on the parties to the present lawsuit and the related case. The stipulation stated in part, "Protected information shall disclosed or made available only to the Court (including its employees and the jury), to counsel for a Party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to . . . 'Qualified Persons' . . . ." The stipulation identified in some detail those persons who could be given access to the documents and they included employees, consultants, mediators, court reporters, videographers, and witnesses. There were other aspects of the October 23, 2002, stipulation which are not directly pertinent to the issue before us.

In terms of the issue before us, the crucial provisions of the October 23, 2002, stipulation relate to the filing of law and motion documents in the respondent court. At one point, the stipulation states, "[I]t is the intent of the Parties that this Protective Order apply to this action and to the Related Cases and cover any exchanges of material resulting from discovery request served in this Action and the Related Case, *and related law and motion proceedings in this Action and/or the Related Case*." (Italics added.) At another point, the October 23, 2002, stipulation describes how law and motion papers are to be filed under seal: "Filing Under Seal. Protected Information may be submitted to the Court only in connection with this Action or the Related Action, and only as follows: [¶] (a) A Party who lodges or files any document containing Protected Information shall do so in a sealed envelope, or otherwise in accordance with local or State rules, including but not limited to Rule of Court section 243.1 *et seq*., governing the filing of materials under seal. [¶] (b) The envelope shall bear the caption of this case on a legend as follows: 'CONFIDENTIAL – FILED SUBJECT TO COURT ORDER. THE PAPERS CONTAINED IN THIS ENVELOPE HAVE BEEN DESIGNATED PROTECTED INFORMATION, ARE SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT, AND MAY NOT BE EXAMINED, DISPLAYED, REVEALED, OR COPIED EXCEPT BY THE COURT, OR PURSUANT TO COURT ORDER.' [¶] (c) No such sealed material shall be

opened except for use by the judge or jury hearing the matter and solely for such use. Following such use, the material shall be resealed. This order shall not prevent the use by any Party of Protected Information at trial, subject to rules to be established by the Court." The stipulation further provided that even if protected materials were used at trial, the parties retained the duty to "maintain confidentiality." (Original italics, underscore and capitalization.)

The stipulation was executed by defendant's counsel as well as by the attorneys for the other parties in this and the related case. The respondent court signed the stipulation under the words, "IT IS SO ORDERED." No findings were made by the respondent court as required by California Rules of Court, rule 243.1(d) through (e).[2]

On May 1, 2003, defendant filed its mandate petition. The mandate petition, which contains extensive references to sealed documents, was not filed under seal. Accompanying defendant's mandate petition were 2,589 pages of exhibits, all of which were filed under seal. As noted previously, under the terms of the October 23, 2002, stipulation, if a law and motion document refers to sealed document, the papers must be filed in the respondent court under seal. Because the documents were filed under seal in the respondent court, the clerk of this court was required to file them under seal. (Rule 12.5(c).[3]) We reviewed the documents noting that among the papers were copies of notices of motion, proofs of service, copies of non-California opinions readily available on the Internet and in law libraries, and points and authorities which discussed well established rules of insurance coverage law. As permitted by rule 12.5(f)(2),[4] we directed the parties to explain why any or all of the documents should remain sealed.

---

[2] California Rules of Court, rule 243.1(d) and (e) states in relevant part: "(d) [**Express findings required to seal records**] The court may order that a record be filed under seal only if it expressly finds that: [¶] (1) There exists an overriding interest that overcomes the right of public access to the record; [¶] (2) The overriding interest supports sealing the record; [¶] (3) A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; [¶] (4) The proposed sealing is narrowly tailored; and [¶] (5) No less restrictive means exist to achieve the overriding interest. [¶] (e) [**Scope of the order**] (1) An order sealing the record must (i) specifically set forth the factual findings that support the order, and (ii) direct the sealing of only those documents and pages—or, if reasonably practicable, portions of those documents and pages—that contain the material that needs to be placed under seal. All other portions of each documents or page must be included in the public file." (Original boldface.) Unless otherwise indicated, all future references to a rule are to the California Rules of Court.

[3] Rule 12.5(c) provides in relevant part: "If a record sealed by the trial court is part of the record on appeal: [¶] (c) . . . (1) The sealed record must be filed under seal in the reviewing court and remain sealed unless that court orders otherwise under (f)."

[4] Rule 12.5(f)(2) states: "If the reviewing court proposes to order a record unsealed on its own motion, the court must mail notice to the parties. Any party may serve and file an opposition within 10 days after the notice is mailed or within such time as the court specifies."

In response to our order, and recognizing it was legally untenable to argue all 2,589 pages should remain sealed, defendant has submitted a request to seal portions of 11 documents and the entirety of one agreement. The documents defendant seeks to seal consist of portions of: its cross-summary-adjudication motion; its separate statement of undisputed facts in support of its cross-summary-adjudication motion; its supporting declarations and other evidence in support of its cross-summary-adjudication motion; plaintiffs' opposition to its cross-summary-adjudication motion; plaintiffs' opposition separate statement; its opposition to plaintiff's cross-summary-adjudication motion; its opposition separate statement to plaintiffs' cross-summary-adjudication motion; interrogatory answers filed by it in opposition to plaintiffs' cross-summary-adjudication motion; its opposition separate statement to plaintiffs' cross-summary-adjudication motion; a declaration filed by one of its employees which is part of the evidence filed in opposition to its cross-summary-adjudication motion; legal analysis appearing in plaintiffs' reply memorandum in response to its cross-summary-adjudication motion; and plaintiffs' "reply separate statement." Defendant also seeks to seal the entirety of its settlement agreement with one of its primary insurers. The primary insurer is not a party to the present case.

The grounds asserted for sealing the foregoing documents is as follows: "The . . . documents that [defendant] requests remain under seal contain information that may harm [defendant's] business interests, privacy rights, and, if disclosed, would violate confidentiality agreements with numerous third parties and impinge upon the attorney-client and attorney work product privileges. [¶] [] Specifically, [defendant] is a party to two confidentiality agreements in a separate matter relating to the settlement of four environmental lawsuits. [Defendant] is also a member of a Joint Defense Group in the fourteen pending toxic tort lawsuits. These lawsuits are discussed at length in the [mandate petition]. [¶] [] The importance of the confidentiality agreements and the Joint Defense Group cannot be understated. The two separate confidentiality agreements relating to the settlement of the four environmental lawsuits were necessary in order for parties to agree to fund the joint groundwater clean-up/water supply project [benefiting] the entire San Gabriel Valley. The confidential Joint Defense Agreement in the toxic tort lawsuits has financially enabled [defendant], and many other parties, to adequately defend against claims brought by thousands of plaintiffs while some of those defendants, including [defendant], fund the groundwater clean-up and up in that area. The . . . [e]xhibits that [defendant] seeks to have remain under seal contain information that is subject to the confidentiality agreements and/or Joint Defense Agreement in the underlying lawsuits." (The "Joint Defense Agreement" is not one of the documents plaintiff seeks to have sealed. Nor is the "Joint Defense Agreement" an exhibit in this case.) Additionally, plaintiff argued that certain portions of the documents contained "confidential attorney

work-product information" relating to a former facility. Further, defendant contended, "The information reflects [defendant's] counsel's evaluation of the case by revealing the identity of the witness with knowledge of events that [defendant's] counsel deemed relevant and important to this case."

## III. DISCUSSION

### A. Disclosure Principles

The present case involves the question of whether to allow documents filed in support of the mandate petition to remain sealed. We addressed this issue in related circumstances in *Universal City Studios, Inc. v. Superior Court* (2003) 110 Cal.App.4th 1273, 1279–1287 [2 Cal.Rptr.3d 484], where the trial court had refused to seal documents and the defendant sought to compel their sealing. In *Universal City Studios*, we concluded none of the documents the defendant sought to seal could be sealed given controlling California law. We described the controlling legal authority as follows: "In *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1217–1218 [86 Cal.Rptr.2d 778, 980 P.2d 337], the California Supreme Court identified the constitutional requirements applicable to a request to seal court records as follows: '[B]efore substantive courtroom proceedings are closed or transcripts are ordered sealed, a trial court must hold a hearing and expressly find that (i) there exists an overriding interest supporting closure and/or sealing; (ii) there is a substantial probability that the interest will be prejudiced absent closure and/or sealing; (iii) the proposed closure and/or sealing is narrowly tailored to serve the overriding interest; and (iv) there is no less restrictive means of achieving the overriding interest.' (Original italics & fns. omitted.) In terms of trial courts, the Judicial Council promulgated rules 243.1 and 243.2 which govern sealing requests in the trial courts in order to comply with the constitutional standards set forth in the *NBC Subsidiary* decision. (*In re Providian Credit Card Cases* (2002) 96 Cal.App.4th 292, 298, fn. 3 [116 Cal.Rptr.2d 833] []; Jud. Council of Cal., Advisory Com. com., reprinted at 23 pt. 1 West's Ann. Codes, Rules (2003 supp.) foll. rule 243.1, pp. 285–286.) For reviewing courts, the Judicial Council promulgated rule 12.5. As in the case of rules 243.1 and 243.2, rule 12.5 was adopted in response to the *NBC Subsidiary* decision. (Jud. Council of Cal., Advisory Com. com., reprinted at 23 pt. 1 West's Ann. Codes, Rules (2003 supp.) foll. rule 12.5, p. 61.)" (*Universal City Studios, Inc. v. Superior Court, supra*, 110 Cal.App.4th at p. 1279, fn. omitted.)

### B. The Respondent Court's Sealing Order

Before proceeding to analysis of the merits of defendant's modified sealing request, we address the effect of the respondent court's order that any law and

motion papers must be filed in their entirety under seal when they refer to a document the parties had deemed confidential. In the decision of *In re Providian Credit Card Cases, supra,* 96 Cal.App.4th at pages 295, 301–302, the Court of Appeal held that a trial court's order unsealing records must be reviewed for an abuse of discretion. The present case involves a different question. We are not directly reviewing the respondent court's sealing order. We are not ordering the respondent court to change its stipulated sealing order. Rather, we are addressing the question of whether this court's records must be made available to the public given the showing made by defendant.

 We are proceeding pursuant to rule 12.5(f)(2) which permits us to unseal records which were sealed in the trial court. (See fn. 4, *ante.*) Because these are records maintained by the clerk of this court, we engage in independent review of that matter.

The respondent court's order is entitled to no weight on this issue. The respondent court's order seals the entirety of any law and motion papers which refer to a document deemed confidential by the parties which is disclosed as part of the discovery process. No findings were made by the respondent court. The sealing order therefore fails to comply with the findings requirements set identified in *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court, supra,* 20 Cal.4th at pages 1217–1218 and rule 243.1(d) and (e). (See footnote 2, *ante*; cf. *In re Providian Credit Card Cases, supra,* 96 Cal.App.4th at p. 302 [express findings by the trial court are only required when the decision is made to seal documents not to unseal parts of the record already under seal].) Additionally, the effect of the respondent court's order is to seal thousands of pages of routine legal argument concerning insurance coverage, notices of motion, lengthy separate statements of undisputed and disputed facts, proofs of service, and lodged documents including appellate court decisions. Accordingly, the respondent court's order has no effect on our assessment as to whether the documents at issue should remain under seal with the clerk of this court.

### C. The Matters Defendant Requests Remains Sealed

#### 1. Overview

The documents defendant seeks to have remain sealed involve five different subjects. Because the documents are presently sealed as required by rule 12.5(c)(1), we will describe them generically and circumspectly. (*Universal Studios, Inc. v. Superior Court, supra,* 110 Cal.App.4th at p. 1277; *In re Providian Credit Card Cases, supra,* 96 Cal.App.4th at p. 303.) Defendant seeks to have sealed: a settlement agreement with a confidentiality clause which contains an express exception when disclosure is ordered by a court; papers which reveal the sources of payments to settle pollution claims;

documents which contain admissions that defendant may have violated federal and state pollution laws; papers revealing the identity of witnesses to possible violations of federal and state pollution laws; and documents which, according to a government agency, disclose the identity of other entities that may have violated federal and state pollution laws.

### 2. The settlement agreement

First, defendant seeks to have a settlement agreement with an insurer, who is not a party to this litigation, sealed. Defendant relies on *Publicker Industries, Inc. v. Cohen* (3d Cir.1984) 733 F.2d 1059, 1073 and *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court, supra,* 20 Cal.4th at page 1222, footnote 46 for the proposition that an overriding public interest may be present when there is a contractual obligation not to disclose the contents of documents. First, we address the Third Circuit rule articulated in *Publicker* which is specifically referred to in *NBC Subsidiary.* In *Universal Studios, Inc. v. Superior Court, supra,* 110 Cal.App.4th at pages 1283–1284, we described when a contractual obligation not to disclose may give rise to a right to seal a settlement agreement containing a confidentiality clause. Citing the Third Circuit analysis relied upon by the California Supreme Court in footnote 46 of the *NBC Subsidiary* opinion, we held: "Other courts applying *Publicker* have emphasized that closure or sealing can only occur under the Third Circuit rule when there has been a specific showing of serious injury. [Citations.] Citing *Publicker,* a Third Circuit panel later held: 'In delineating the injury to be prevented, specificity is essential. [Citation.] Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient.' (*In re Cendant Corp.* [(3d Cir. 2001)] 260 F.3d [183,] 194.) We have been unable to find any appellate court decision which construes *Publicker* to permit sealing of court documents merely upon the agreement of the parties without a specific showing of serious injury." (*Universal Studios, Inc. v. Superior Court, supra,* 110 Cal.App.4th at pp. 1281–1282.) ■ In *Universal City Studios,* citing *Publicker* and *NBC Subsidiary,* we held that a settlement agreement which had a confidentiality provision could not be sealed unless there was a showing of serious injury which would result from public disclosure.

■ Second, *NBC Subsidiary* requires that before papers can be sealed, there must be substantial prejudice to an overriding interest if the documents are made available to the public. (*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court, supra,* 20 Cal.4th at p. 1218.) In *Universal City Studios,* we explained: "In terms of the overriding interest requirement of a closure or sealing order, *NBC Subsidiary* identifies two separate elements. The first element requires the identification of an overriding interest. (*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court, supra,* 20 Cal.4th at pp. 1217–1218; see

*In re Providian Credit Card Cases, supra,* 96 Cal.App.4th at p. 298, fn. 3.) Defendant has identified such a potential overriding interest—a binding contractual agreement not to disclose. The second element of the overriding interest analysis is there must be a substantial probability that it will be prejudiced absent closure or sealing. (*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court, supra,* 20 Cal.4th at p. 1218; *Pack v. Kings County Human Services Agency* (2001) 89 Cal.App.4th 821, 832 [107 Cal.Rptr.2d 594].)
█ As we will note, defendant has not shown a substantial probability any such interest in the present case will be prejudiced—the second element of overriding interest analysis identified in *NBC Subsidiary*." (*Universal Studios, Inc. v. Superior Court, supra,* 110 Cal.App.4th at p. 1283.) In *Universal Studios,* we concluded that an insufficient showing of prejudice to any legitimate proprietary or business interests of the defendant had been provided to permit the settlement agreement to be sealed. Accordingly, we held that the settlement agreement that had been lodged conditionally under seal must be returned to the defendant as required by rule 12.5(e).[5]

*Universal Studios* is controlling in this case. Defendant argues the entire settlement agreement must be sealed. Defendant has not asked to seal any particular parts of the settlement agreement. Much of the settlement agreement is routine verbiage which appears in most settlement agreements. Further, the settlement agreement has a specific provision that if disclosure is required by a court order, the confidentiality provisions are no longer applicable. No prejudice to defendant's legitimate business and propriety interests will occur if the settlement agreement is ordered unsealed.

### 3. The sources of payments to settle cases

The second category of documents defendant seeks to have remain sealed involves the sources of payments to settle certain environmental claims. The

---

[5] Rule 12.5(e) states: "(e) **Record not filed in the trial court; motion to file under seal** [¶] (1) A record not filed in the trial court may be filed under seal in the reviewing court only by order of that court; it must not be filed under seal solely by stipulation or agreement of the parties. [¶] (2) To obtain an order under (1), a party must serve and file a motion in the reviewing court, accompanied by a declaration containing facts sufficient to justify the sealing. With that motion, the party must lodge the record under (3), unless good cause is shown not to lodge it. [¶] (3) To lodge a record, the party must put the record in a manila envelope or other appropriate container, seal it, and attach a cover sheet that complies with rule 44(d) and labels the contents as 'CONDITIONALLY UNDER SEAL.' [¶] (4) If necessary to prevent disclosure, the motion, any opposition, and any supporting documents must be filed in a public redacted version and lodged in a complete version conditionally under seal. [¶] (5) On receiving a lodged record, the clerk must note the date of receipt on the cover sheet and retain but not file the record. The record must remain conditionally under seal pending determination of the motion. [¶] (6) The court may order a record filed under seal only if it makes the findings required by rule 243.1(d)–(e). [¶] (7) If the court denies the motion, the clerk must not place the lodged record in the case file but must return it to the moving party." (Original boldface.)

documents do not reveal which environmental claims have been settled; merely the source of funds. We can posit an intelligent scenario where a legitimate proprietary concern relating to the identity of sources of funds to settle lawsuits would amount to an overriding interest so as to permit sealing of documents. (*In re Providian Credit Card Cases, supra,* 96 Cal.App.4th at p. 301 [documents which are not trade secrets may nonetheless be subject to sealing in the face of a proper rule 243.1 showing of prejudice to an overriding interest].) More importantly, communications relative to the sources of funds used to settle lawsuits, depending on the circumstances, may be protected by the lawyer-client privilege. [See *Southern California Edison Co. v. Peevey* (2003) 31 Cal.4th 781, 798 [3 Cal.Rptr. 3d 703] [' "If the public's "right to know" compelled admission of an audience, the ringside seats would be occupied by the government's adversary, delighted to capitalize on every revelation of weakness." ']; *Roberts v. City of Palmdale* (1993) 5 Cal.4th 363, 374 [20 Cal.Rptr.2d 330, 853 P.2d 496] [" ' "Settlement and avoidance of litigation are particularly sensitive activities, whose conduct would be grossly confounded, often made impossible, by undiscriminating insistence on open lawyer-client conferences" ' "].) A document which is protected by the lawyer-client privilege is not subject to the rule 243.1 et seq. findings requirements. (Rule 243.1(a)(2)[6]; *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court, supra,* 20 Cal.4th at p. 1222, fn. 46; *In re Providian Credit Card Cases, supra,* 96 Cal.App.4th at p. 298.) But there are no privileged communications identified by defendant; only the sources of moneys used to settle environmental claims. No attorney-client privilege issues are present in this regard. Finally, defendant has failed to make a sufficient evidentiary showing that disclosure of the identity of the funding sources overcomes the presumed right of public access to the documents. (Rule 243.1(d)(1); *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court, supra,* 20 Cal.4th at p. 1218, fn. 38.)

### 4. The admissions that defendant may have violated federal and state pollution laws

The third group of documents defendant seeks to seal contain admissions that it may have violated federal and state pollution laws. Because they are currently sealed, we have described these documents generically and circumspectly. Defendant has failed to demonstrate an overriding interest to permit sealing of this type of admission. At least in this case, no overriding public interest warrants secreting from the public documents filed in its courts that there may have been violations of federal and state pollution laws.

---

[6] Rule 243.1(a)(2) states, "These rules do not apply to records that are required to be kept confidential by law."

### 5. The identities of witnesses to possible violations of federal and state pollution laws

Defendant argues that documents which list witnesses to possible violations of federal and state and federal pollution laws must be sealed. As noted in connection with defendant's argument that documents containing admissions of possible violations of federal and state pollution laws must be sealed, no overriding public interest warrants sealing the identities of witnesses to such events. Further, there is no merit to defendant's work product and attorney-client privilege arguments. Defendant argues that the identities of the witnesses to violations of federal and state environmental laws are protected from disclosure by the attorney-client and work product privileges. The identities of witnesses are not subject to the attorney-client and work product privileges. (*Aerojet-General Corp. v. Transport Indemnity Insurance* (1993) 18 Cal.App.4th 996, 1004 [22 Cal.Rptr.2d 862]; *City of Long Beach v. Superior Court* (1976) 64 Cal.App.3d 65, 73 [134 Cal.Rptr. 468]; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2003) ¶ 8:237, p. 8C-64 (rev. # 1, 2003).) Additionally, even if the identities of the witnesses were subject to the attorney-client and work product privileges, they have been waived. Defendant has voluntarily supplied to plaintiffs, its adversaries in this litigation, the identities of the witnesses thereby waiving the attorney-client and work product privileges. (Evid. Code, § 912, subd. (a); *Metro-Goldwyn-Mayer Inc. v. Superior Court* (1994) 25 Cal.App.4th 242, 247–250 [30 Cal.Rptr.2d 371]; see *United States v. Nobles* (1975) 422 U.S. 225, 239–240 [45 L.Ed.2d 141, 95 S.Ct. 2160].)

### 6. Other parties identified by a government agency that may have violated federal and state environmental laws

Defendant argues that the identities of other parties which have been identified by a government agency of violating federal and state and environmental laws must be sealed. As in the case of its own admitted possible violations of federal and state pollution laws, no overriding public interest requires this information be sealed.

### D. The Proper Disposition of the Sealed Documents

None of the documents lodged with us under seal in this ordinary coverage dispute may be sealed. The question remains as to what order we should be enter. There are two ways that sealing disputes come before an appellate court which warrant discussion. A first scenario occurs when the trial court refuses to seal documents and then they are lodged conditionally under seal pursuant to rule 12.5(e)(2). (See fn. 5, *ante.*) If the appellate court concludes the documents may not be sealed, then they are returned to the party lodging

the papers. (Rule 12.5(e)(7); see *Universal Studios Inc. v. Superior Court, Inc.*, *supra*, 110 Cal.App.4th at p. 1287.) A second scenario occurs as in this case. The documents were filed under seal in the respondent court. Pursuant to rule 12.5(f)(2), we have concluded that the documents filed with our clerk cannot remain so. (See fn. 4, *ante*.) Rule 12.5 does not address the procedure to be followed when a document filed under seal in the trial court is ordered unsealed on appeal. This is therefore a matter of discretion. We conclude the judicious course under these circumstances is to return the entirety of the sealed records to defendant. Within 10 days of the filing date of this opinion, defendant may file whatever documents rule 56 permits to be filed. But they may not be filed under seal. This is consistent with the procedure followed when documents are not sealed in the trial court; the documents are then conditionally lodged on appeal under seal; the sealing request is denied by the appellate court; and the appellate court returns the documents to the party seeking to seal the papers. (Rule 12.5(e).) If the public or any journalist desires to see the currently sealed documents, they are located in the superior court file. Any motion to unseal those documents should first be filed in the respondent court pursuant to rule 243.2(h).[7]

## IV. DISPOSITION

The documents filed under seal are ordered returned to defense counsel. Within 10 days of the filing date of this opinion, defendant may file a record as authorized by rule 56, but the papers that have been filed may not be filed under seal.

Armstrong, J., and Mosk, J., concurred.

---

[7] Rule 243.2(h) states: "A party or member of the public, or the court on its own motion, may move to unseal a record. Notice of the motion to unseal must be filed and served on the parties. The motion, opposition, reply, and supporting documents must be filed in a public redacted version and a sealed complete version if necessary to comply with (c)."